UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN PUDELSKI, | ) | CASE NO. 1: 02 CV 1441 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| JULIUS WILSON, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. The Report and Recommendation (ECF # 38), filed on April 24, 2007, is ADOPTED by this Court, and Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, on July 25, 2002 (ECF # 1), is denied.

In his Petition, Petitioner raises the following grounds for relief:

Ground one: The Trial Court Erred in Denying Petitioner's Motions for New Trial Based on Newly Discovered Evidence

Ground two: The Trial Court Erred in Prohibiting Petitioner and His Trial Counsel from Having Access to the Files and Records upon Which the State's Expert Witness Relied in Her Expert Testimony

Ground three: The Trial Court Erred in Allowing the Prosecution's Expert Witness, Assistant County Coroner, Dr. Joseph Felo to Testify Relative to His Unscientific and Personal Research in a Manner So as to Present Such Research as Scientific Evidence

Ground four: The Trial Court Erred in Denying Petitioner's Motion to Dismiss Count 2 of the Indictment – as Death Resulting from Felonious Assault Constitutes Involuntary Manslaughter in Violation of R.C. 2903.04(a), Which Precludes an Indictment for Murder under R.C. 2903.02(b) under Ohio Law

> Ground five: The Trial Court Erred in Refusing the Jury's Request – Based upon Inconvenience to the Court – to View Microscope Slides Which Had Been Admitted into Evidence and Had Been Delivered to the Jury for Use During its Deliberations

*Id.* In addition, Petitioner asserts actual innocence as a ground for relief.

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Hemann for the preparation of a report and recommendation. On April 24, 2007, Magistrate Judge Hemann recommended that this Court dismiss Petitioner's Petition.

As to the first ground for relief, the Magistrate Judge found that the Court cannot award habeas relief on this basis. Hence, the Magistrate Judge recommended that the Court dismiss Petitioner's claim that he was denied due process and fundamental fairness when the trial court failed to grant his motions for a new trial.

As to the remaining grounds for relief, the Magistrate Judge recommended that the Court excuse any procedural defaults and examine the merits of each claim. In addressing the second ground for relief, the Magistrate Judge stated that, "[n]o reasonable person can conclude that the failure to give [Petitioner] access to the police report had a substantial and injurious effect on the jury's verdict, and *Brady* did not require the court to give [him] access to the police report in question." (ECF # 38 at 21.) On this basis, the Magistrate Judge recommended that the Court overrule Petitioner's second ground for relief.

Turning to Petitioner's third ground for relief, the Magistrate Judge concluded that there was no error. The Magistrate Judge further stated that, even if there were error, Petitioner was not substantially prejudiced by it. As such, the Magistrate Judge recommended that the Court overrule Petitioner's third ground for relief.

2

In addressing Petitioner's fourth ground for relief, the Magistrate Judge stated that Petitioner fails to demonstrate, by clear and convincing evidence, that the state appellate court's findings were erroneous. The Magistrate Judge likewise observed that Petitioner "cites no Supreme Court holding on materially indistinguishable facts that the structure of the charges against him violated his right to due process." (*Id.* at 23.) Therefore, the Magistrate Judge recommended that the Court overrule Petitioner's fourth ground for relief.

As to ground five, the final ground for relief, the Magistrate Judge found that Petitioner fails to demonstrate that the state appellate court erred in making its findings of fact and conclusions of law. Further, the Magistrate Judge again observed that Petitioner fails to cite a Supreme Court holding on materially indistinguishable facts that would require a conclusion that the refusal to provide the jury with a microscope deprived him of a fundamentally fair trial. Finally, the Magistrate Judge stated that, even if the trial court erred in this regard, Petitioner fails to demonstrate that he was substantially prejudiced by the alleged error. Accordingly, the Magistrate Judge recommended that the Court overrule Petitioner's fifth ground for relief.

On May 8, 2007, Petitioner filed objections to the Report and Recommendation. (ECF # 42.) In responding to the Report and Recommendation, Petitioner objects to every finding and recommendation made by the Magistrate Judge with respect to all five of the grounds for relief. Respondent has not filed a Response to Petitioner's Objections.

The Court has reviewed the Report and Recommendation *de novo*. *See Thomas v. Arn*, 474 U.S. 140 (1985). Moreover, it has considered all of the pleadings, motions, and filings of the parties. Despite Petitioner's assertions to the contrary, the Court finds Magistrate Judge Hemann's Report and Recommendation to be well-written, well-supported, and correct. In

addition, the Court finds Petitioner's objections to the same to be entirely lacking in merit. Therefore, the Report and Recommendation (ECF # 38) is ADOPTED in its entirety, the Petition for Writ of Habeas Corpus is DENIED (ECF # 1), and Petitioner's objections (ECF # 42) are thereby DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 30, 2007

4